UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GRADY SIMMONS, | ) | CASE NO. 1:08 CV 436 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHAIRPERSON PAGE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 21, 2008, pro se plaintiff Grady Simmons filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Rules Infraction Board ("RIB") Chairperson Page and MANCI RIB Chairperson Iceman. In the complaint, plaintiff challenges several RIB hearings. He seeks monetary damages, expungement of his prison record, and a reduction in his security classification level.

**Background**

Mr. Simmons was involved in an altercation with an officer on January 4, 2008. Three conduct reports were generated as a result of this incident. The first was written on January 5, 2008 by Officer Chrastina and asserted that Mr. Simmons had violated Rules 1 and 3. A RIB hearing was held on January 24, 2008. Mr. Simmons claims he was not permitted to call witnesses.

He was found guilty of both charges and sentenced to 15 days in segregation. Mr. Simmons appealed the decision. His conviction on the Rule 3 violation was upheld; however, his Rule 1 violation was reversed. His sentence remained unchanged by the ruling. A second incident report was written up by investigator David Blake, who also charged Mr. Simmons with a Rule 1 and Rule 3 violation. It is not clear whether this charge was heard separately, or whether it was merged with the charges on his first conduct ticket.

Finally, Mr. Simmons was issued a conduct report charging him with a Rule 20 violation. A hearing was scheduled for February 5, 2008. At the time of the hearing, the plaintiff was told that the time period had expired and he would be issued a new ticket. He was served with a new conduct report which revised the dates. A hearing was held. He claims he once again was not permitted to call witnesses. He was found guilty of the charge. Mr. Simmons does not indicate the sentence he received.

Mr. Simmons claims he was denied due process. He seeks compensatory and punitive damages and expungement of his prison record. He also seeks a reduction in his security classification to level 2. He indicates that if the current disciplinary convictions are removed from his record, he will have maintained a clean prison record for 2 years which will make him eligible for a reduction in his security classification.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Mr. Simmons received a fifteen day placement in segregation and was recommended for an increase in his security level. There is no indication that Mr. Simmons's security level has been increased. The fifteen days that Mr. Simmons spent in segregation do not constitute an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir.1997); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: May 29, 2008            *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.